610 So.2d 152 (1992)
STATE of Louisiana
v.
Roger L. SMITH
No. 92-KA-1764.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1992.
Rehearing Denied January 13, 1993.
*153 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Harry F. Connick, Dist. Atty. of Orleans Parish, David L. Arena, Asst. Dist. Atty. of Orleans Parish, New Orleans, for appellee.
Before BARRY, PLOTKIN and LANDRIEU, JJ.
LANDRIEU, Judge.
Roger Smith was charged by bill of information with purse snatching, a violation of La.Rev.Stat.Ann. § 14:65.1 (West 1986). A jury found him guilty as charged, and he was sentenced as a second offender under La.Rev.Stat.Ann. § 15:529.1 (West 1992), to serve fifteen years at hard labor. Contending that his sentence was excessive, he now appeals.

FACTS:
Rhonda Bordelon was walking from the A & P grocery store on St. Peter Street to her home on Orleans Avenue in New Orleans, on August 21, 1991, when someone approached her from behind and demanded her purse. After resisting initially, Bordelon was pushed to the ground. The assailant then took her purse and ran. Several people on the street gave chase and apprehended the assailant a few blocks from the Bordelon home. At the time of the arrest and on trial, the victim positively identified the defendant. Her testimony, coupled with that of other witnesses, leaves no doubt that defendant was the assailant.
Against his attorney's advice, Roger Smith took the stand. Although he admitted a previous conviction for purse snatching in 1987, he denied that he was the assailant in this case.

DISCUSSION:
As his only assignment of error, the defendant raises the excessiveness of his sentence.
The defendant was convicted of purse snatching, a crime with a "criminal seriousness level" of "3" under Louisiana Sentencing Guidelines § 403(A). The defendant's prior conviction for purse snatching required the addition of two points to the "criminal history index", which is a factor used to calculate the appropriate sentence. The resulting criminal history classification of "D" produced a sentencing range of 54 to 66 months (4½ to 5½ years). However, defendant was convicted under the Habitual Offender Law, La.Rev.Stat.Ann. § 15:529.1 (West 1992), and was sentenced as a second offender. As a second offender, the permissible range of sentences under § 14:65.1 and § 15:529.1 is from a minimum of 10 years to a maximum of 40 years.
*154 He was sentenced to 15 years, which is 5 years more than the statutory minimum, and 10 years more than the mid range suggested by the guidelines. Defendant's motion to reconsider the sentence under La.Code Crim.Proc.Ann. art. 881.1 (West Supp.1992) was denied.
Pursuant to the provisions of § 309(B) of the Sentencing Guidelines, when the minimum of an enhanced sentence under the Habitual Offender Law exceeds the maximum indicated sentence under the guidelines, the court should impose the lawful minimum sentence unless aggravating circumstances justify imposition of a more severe sentence. Although a judge may depart from the suggested range set by the guidelines, he must justify such departure by explaining why the case at hand is not typical. He must determine whether the significant presence of aggravating or mitigating circumstances make the present case more or less serious than the typical case arising under the offense. Louisiana Sentencing Guidelines § 209(B), (C).
At the sentencing hearing, the trial judge stated that he had considered the provisions of Article 894.1 and the newly passed sentencing guidelines. In setting a 15 year sentence, he articulated that the offense occurred in the French Quarter and was the defendant's second conviction for the same offense. A review of the record reveals no other aggravating circumstances.
The occurrence of this crime in the French Quarter and the defendant's prior conviction are not justifiable reasons for the gross departure from the sentence recommended in the guidelines. The defendant's prior conviction for purse-snatching is taken into account under the sentencing guidelines in classifying the defendant's criminal history. In this case, the defendant received a classification of D because of that prior conviction. Furthermore, since § 209(B)(12) of the Sentencing Guidelines lists a prior conviction as an aggravating circumstance only when not considered as part of a multiple offender adjudication, the trial judge should not have considered this prior conviction as an aggravating circumstance.
The trial court's second justification for the enhanced sentence, that the offense occurred in the French Quarter, is not listed among the aggravating circumstances in the guidelines. The site of a crime, however, could justify a sentence at the top of the range or even an additur under some circumstances.
The State argues, however, that the guidelines are not binding because Article 894.1 of the Code of Criminal Procedure provides in part:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
Furthermore, Article 881.6 of that Code provides:
No sentence shall be declared unlawful, inadequate or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
Stated succinctly, the question is:
Does a trial court have unlimited discretion to impose a constitutionally and statutorily permissible sentence that grossly exceeds the sentence recommended by the guidelines when that sentence is not supported by the record?
We think not.
Prior to the adoption of the guidelines and the enactment of La.Code Crim. Proc.Ann. arts. 881.1-881.4 (West Supp. 1992), the standard of appellate review was one of constitutionality. When a sentence has been found to be "grossly out of proportion to the severity of the crime" or "nothing more than the purposeless imposition of pain and suffering", it has been held to be unconstitutionally excessive. *155 State v. Davis, 449 So.2d 452, 453 (La. 1984). Under that standard, we have found a sentence of 15 years for a second offense of purse snatching under similar circumstances to be constitutional. State v. McDermott, 557 So.2d 390 (La.App. 4th Cir.1990).
While not strictly binding, the new guidelines now establish an additional standard by which a sentence may be reviewed for appropriateness. The legislature, in providing for the guidelines and adopting Articles 881.1-881.4, which establish a procedure for the reconsideration, appeal, review and remand of sentences, created a mechanism to introduce some uniformity into the sentencing process. It could have made the guidelines rigidly binding, but it did not. Instead, it chose to leave some discretion to the trial court to impose sentences on a case by case basis within the statutory limits but guided by the commission's recommendations. It has vested the appellate courts with the authority and obligation to review those sentences for comparison with the guidelines and to determine whether the record supports a significant deviation therefrom.
It is an abuse of the trial court's discretion to impose a sentence that grossly deviates from the guidelines when that deviation is not supported by the record. To hold otherwise would render the guidelines and Articles 881.1-881.4 meaningless.
Article 881.4 provides in part:
D. The appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed. (emphasis added)
When read conversely, and in conjunction with Articles 881.1-881.3, Article 881.4 provides that, where the record does not support the sentence imposed, an appellate court may set such a sentence aside.
This interpretation is further supported by 1991 La.Acts 38, which enacted Articles 881.1-881.6. Section 3 of that Act provides that these articles would not become effective until 30 days after the effective date of the sentencing guidelines promulgated by the Louisiana Sentencing Commission. Thus, it is clear that, without the guidelines, the articles are useless, and, without the articles, the guidelines are meaningless.
Because the legislature did not intend to make the guidelines rigidly binding, Articles 881.6 and 894.1(A) are necessary to establish that a sentence that fails to conform to the guidelines should not, for that reason alone, be declared unlawful, inadequate or excessive. There is a meaningful and legal difference, however, between strict conformity and gross deviation not supported by the record.
Articles 881.1-881.4 were adopted in the same act with Article 881.6 and clearly were not intended to be in conflict. If Article 881.6 is read to mean, as the state suggests, that the guidelines may be ignored, then Articles 881.1-881.4, as well as the guidelines would be legally meaningless. Such an interpretation is contrary to long established rules of statutory interpretation which require that, where possible, a statute be read to give meaning to each provision thereof.
Following that rule of statutory interpretation, we can give full meaning to Articles 881.1-881.4, Article 881.6 and Article 894.1 by holding, as we have, that rigid conformity to the guidelines is not required. What is required, however, is that the guidelines be consulted and used as a norm. Where aggravating or extenuating circumstances are present and of record, an enhanced or reduced sentence may be imposed. However, a sentence that grossly exceeds the guidelines and is not supported by the record is unlawful.
The Legislature has provided for the review of statutorily permissible sentences when the record does not support those sentences. To provide non binding sentencing guidelines, without appellate review, would exacerbate the problems of inconsistency and non-uniformity in the sentencing process. Some trial courts will adhere to the guidelines and others will ignore them, thus creating an even wider disparity in sentences imposed on similarly situated defendants for the same crime under like *156 circumstances. Appellate review is essential, therefore, to provide some degree of consistency and uniformity without depriving a trial court of its reasonable discretion.
In the case at hand, the guidelines indicate a sentence of 4½ to 5½ years (54-66 months). Although the court could have imposed a sentence of 10 yearsthe minimum permissible under the multiple billit chose to impose a more severe sentence of 15 years. A sentence of 15 years is a gross deviation from the guidelines and is not supported by the record.
Accordingly, we affirm defendant's conviction but vacate the sentence. The case is remanded to the trial court for re-sentencing to a term not to exceed the statutory minimum sentence of 10 years imprisonment.
CONVICTION AFFIRMED, SENTENCE VACATED AND CASE REMANDED.
BARRY, Judge, would affirm the conviction and remand for compliance with C.Cr.P. art. 894.1.
The issue is whether the trial court articulated aggravating circumstances which would justify a sentence of five years more than the statutory minimum, yet 25 years less than the statutory maximum.
The defendant admitted a prior conviction for purse snatching. The trial court stated:
For the record, the Court has reviewed the provisions of Article 894.1 of the Code of Criminal Procedure, the sentencing guidelines, and the newly passed sentencing guidelines by the legislature. Because of the prior conviction for the same offense, because this purse snatching occurred in the French Quarter, and it is going to be the sentence of this Court that he serve fifteen years at hard labor with the Department of corrections.
The location of the crime in the French Quarter is not an aggravating circumstance, nor is the prior conviction. The trial court did not specify an aggravating circumstance, mention the gravity of the offense, or the physical and mental harm to the victim.
The majority opinion states: "A review of the record reveals no other aggravating circumstances." I disagree.
The victim, Rhonda Bordelon, testified that she struggled to keep her purse and she was shoved to the ground: "[W]e're struggling and then about this time he knocks me on the ground and took off." Mr. Helm, Ms. Bordelon's neighbor and an eyewitness, testified: "I heard a scream and as I looked towards the scream, I saw Rhonda being carried like a piece of luggage." Mr. Helm further stated that the defendant "grabbed Rhonda and dropped her like a potato bag...." In response to whether he witnessed the victim being robbed, Mr. Helm responded: "[W]hen I looked over she was horizontal, he had her just like a suitcase, and then he started running towards me...."
Officer Alonzo, on duty in the area, testified: "[T]he first thing that drew my attention, not necessarily to him, was the loud screaming, I heard a woman screaming and you know that draws my attention." The officer also said the victim was "very upset and shaky" right after the incident.
The testimony of the victim, the eyewitness Mr. Helm, and Officer Alonzo clearly point out aggravating factors.
Under Sec. 309B of the Sentencing Guidelines the court should impose the lawful minimum sentence under the enhanced sentence statute (even when that sentence exceeds the maximum indicated under the sentencing guidelines) unless aggravating circumstances justify imposition of a more severe sentence. The above testimony supports a sentence of five years more than the statutory minimum. The facts constitute an aggravating circumstance under Sentencing Guidelines Sec. 209B6: "The offender used threats of or actual violence in the commission of the offense." A deviation from the guidelines is supported by the record. Five years more than the statutory minimum is justified, just as twenty-five years below the maximum is justified.
*157 According to our jurisprudence, when the trial court fails to comply with La.C.Cr.P. art. 894.1, this Court remands for resentencing and the articulation of reasons to justify the sentence. However, the majority opinion usurps the trial court's discretion to resentence the defendant to 15 years and to support that sentence by articulating the obvious aggravating circumstances.
I would defer to the sentencing discretion of the trial judge. This Court has never set the term of imprisonment to be imposed on resentencing.