620 So.2d 312 (1993)
STATE of Louisiana
v.
Roland ORGERON.
Nos. 93-KA-12, 93-KA-13.
Court of Appeal of Louisiana, Fifth Circuit.
May 12, 1993.
*313 Ginger Berrigan, Jefferson Parish Indigent Defender Program, Gretna, for defendant/appellant, Roland Orgeron.
John M. Mamoulides, Dist. Atty., Jeffrey Hand, Asst. Dist. Atty., and Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, 24th Judicial Dist. Court, Parish of Jefferson, Gretna, for appellee, State of La.
Before KLIEBERT, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Roland Orgeron, appeals from the sentences imposed after he pled guilty to forcible rape, aggravated oral sexual battery, molestation of a juvenile and cruelty to a juvenile. He argues that they are excessive. For the reasons which follow, we affirm the convictions and sentences.
Defendant was charged with: (1) forcible rape, La.R.S. 14:42.1, carrying a 40 year maximum sentence; and (2) aggravated oral sexual battery, La.R.S. 14:43.4, carrying a 20 year maximum sentence; and (3) molestation of a juvenile, La.R.S. 14:81.2, carrying a 15 year maximum sentence; and (4) cruelty to a juvenile, La.R.S. 14:93, carrying a 10 year maximum sentence. He pled guilty under Alford v. North Carolina, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to all charges as part of an agreement that the trial court would obtain a pre-sentence investigation report, but that the sentences together would not exceed a maximum of 20 years imprisonment at hard labor.
All of the specific facts of the case are not clearly reflected in the record before us. However, the record indicates that defendant forcibly raped his 12 year old stepdaughter one time and committed the other offenses over a period from June 1990 through July 1991[1]. The factual basis for the trial court accepting the pleas was created during the guilty plea proceedings when the district attorney stated:
Your Honor, if this matter had gone to trial, the state would, through the introduction of evidence and testimony, through the month of June 1990 through July 1991, the defendant, Roland Orgeron, did in fact commit aggravated oral sexual battery and molestation of a juvenile, cruelty to a juvenile and forcible rape upon Brandie Wilson, age twelve years old at that time.
After receiving and reviewing the pre-sentence report, the court sentenced defendant to 20 years at hard labor for forcible rape, 20 years for aggravated oral sexual battery, 15 years for molestation of a juvenile and 10 years for cruelty to a juvenile, the sentences to run concurrently.
On appeal, the defendant asserts one assignment of error. He argues that *314 his sentence is excessive because it is a gross deviation from the recommended ranges of the Felony Sentencing Guidelines, which must be considered under La. C.Cr.P. art. 894.1, without sufficient justification in the record. Under the sentencing guidelines the sentencing ranges for this offender are as follows: (1) for first offense forcible rape, 5-7½ years; (2) for aggravated oral sexual battery, 2-4 years; (3) for molestation of a juvenile, 2-4 years; and (4) for intentional cruelty to a juvenile, 3-5 years. It should be noted that the sum of the minimum sentences is 20½ years (the amount if the sentences were consecutive). Also, whether a sentence is consecutive or concurrent is wholly within the trial judge's discretion.
La.C.Cr.P. art. 894.1 provides that when a defendant has been convicted of a felony, the sentencing court "shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed." The statute also provides that "[t]he court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence." La.C.Cr.P. art. 894.1(C).
La.C.Cr.P. art. 881.4, pertaining to appellate review of sentences, provides:
The appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed.
In State v. Smith, 610 So.2d 152 (La. App. 4th Cir.1992) the Fourth Circuit reviewed the above provisions, implementing the sentencing guidelines, and concluded:
that rigid conformity to the guidelines is not required. What is required, however, is that the guidelines be consulted and used as a norm. Where aggravating or extenuating circumstances are present and of record, an enhanced or reduced sentence may be imposed. However, a sentence that grossly exceeds the guidelines and is not supported by the record is unlawful.
The court in Smith reversed the defendant's sentence, finding that the gross deviation from the guidelines was not supported by the record in that case.
Defendant herein relies on Smith in support of his argument that his sentence is excessive, a gross deviation from the sentencing guidelines. While we agree with the premise in Smith, that deviation from the guidelines must be supported by the record (La.C.Cr.P. art. 894.1(C)), we find no deficiencies in this regard in the instant case. The trial judge might have elaborated more on his reasons for deviating from the guidelines, but they amply support several aggravating circumstances listed in the sentencing guidelines. Louisiana Sentencing Guidelines § 209(B).[2] Defendant, the step-father of the victim, in a position of authority over her, deliberately and repeatedly sexually and physically abused the twelve year old girl, causing her long lasting emotional problems. The child's mother was made aware of the *315 abuse and was influenced not to do anything about it. As noted by the trial judge, the offenses here, considering the totality of the circumstances, are more serious than in the simpler case, without some of the attendant circumstances.
Therefore, we find defendant's argument that his sentence is excessive as a gross deviation from the guidelines, without justification in the record, to be without merit.
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the pleas of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Pittman, 585 So.2d 591 (La.App. 5th Cir.1991), writ denied, 586 So.2d 545 (La.1991).
Whether the defendant was properly "Boykinized" should also be included in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983).
We have examined the pleadings and proceedings for errors patent and have found none.
Accordingly, for the reasons set forth above, we affirm defendant's convictions and sentences.
AFFIRMED.
NOTES
[1] The bill of information indicates that defendant was charged with placing his mouth on the victim's vagina and having the child place her mouth on his penis. It also indicated that he fondled her genitals with his hands, mouth and penis and that he beat her about the body with a leather belt and metal belt buckle.
[2] The record supports a finding that 8 aggravating circumstances out of the 19 listed are "present to a significant degree which makes the present case more serious than the typical case arising under the offense[s] of conviction." They are as follows:

(1) The offender's conduct during the commission of the offense manifested deliberate cruelty to the victim.
(2) The offender knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability or ill health.
(4) The offender used his or her position or status to facilitate the commission of the offense.
(6) The offender used threats of or actual violence in the commission of the offense.
(9) The offense resulted in a significant permanent injury or significant economic loss to the victim or his family.
(11) The offense involved multiple victims or incidents for which separate sentences have not been imposed.
(12) The offender was a leader or his violation was in concert with one or more other persons with respect to whom the offender occupied a position of organizer, a supervisory position, or any other position of management.
(19) Any other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction.