LANDRIEU, Judge.
Ron Miller was charged by bill of information on July 12, 1992, with attempted second degree murder, a violation of La.Rev.Stat. Ann. §§ 14:27, 14:30.1 (West Supp.1993). At his arraignment on October 5, 1992, he pled not guilty. On November 9, 1992, the defendant withdrew his former plea of not guilty and entered a plea of guilty to attempted manslaughter. He was sentenced on January 6, 1993, to serve twenty (20) years at hard labor. Claiming the trial court erred when it imposed an excessive sentence, the defendant now appeals. We vacate the sentence and remand for resentencing.
FACTS
On July 12, 1989 at approximately 12:50 p.m., Sergeant Warren Gilbert and Deputy Gary Moore responded to a shooting at Judy P. Barthelemy’s residence,[1] located on Plaquemines Parish Highway # 11 in Phoenix, Louisiana. When the officers arrived at the scene, they discovered that Anita Barthe-lemy had been shot once in the neck. Upon further investigation, it was learned that the defendant shot the victim and then fled the scene.
Subsequent to his arrest, Miller gave a voluntary statement. According to the defendant, Anita Barthelemy was in possession of the weapon used in the shooting. She allegedly removed the gun from her brassiere and pointed it towards him. Thereafter, while they were clowning around with the gun, it accidentally discharged and struck Anita in the neck. After Anita fell to the ground, the defendant dropped the gun and ran because he was scared. No gun was ever recovered.
Dr. Mary McClendon obtained a recorded statement from the victim. According to Ms. Barthelemy, the defendant shot her because she broke up with him. He stated that if he couldn’t have her nobody could, then he shot her. As a result of the gunshot wound, the victim will be paralyzed from the neck down for the rest of her life.
DISCUSSION
The defendant contends that the trial court erred when it sentenced him because it considered defendant’s previous arrest, acted out of revenge for the victim, failed to follow the sentencing guidelines and imposed an excessive sentence.
*308 The defendant was sentenced after the effective date of the Louisiana Sentencing Guidelines.[2] However, when the trial court sentenced the defendant, it made no mention of the guidelines except for the proper sentencing grid. Instead the trial court referred to the aggravating and mitigating factors found in La.Code Crim.Proc.Ann. art. 894.1 (West 1984) prior to the enactment of the guidelines. Defendant’s motion to reconsider sentence under La.Code Crim.Proc.Ann. art. 881.1 (West Supp.1993) was denied.
When the defendant pled guilty to attempted manslaughter on November 9, 1992, the following dialogue occurred: (Tr. pp. 2-3).
MR. WEBRE (Defense counsel): The District Attorney’s Office and myself have entered into a stipulation that he will be classified as a 2G under the sentencing guidelines, Your honor.
THE COURT: Does that mean that there is a stipulation as to the sentence that he will receive?
MR. RAGUSA (Prosecutor): I specifically informed Mr. Webre that I would not agree that it would limit it or lessen it or anything. That was the only stipulation, that he would be classified as a 2G and it is up to the Court to apply anything that it needs to apply insofar as aggravating or mitigating circumstances.
Absent mitigating or aggravating circumstances, a 2(G) classification on the Sentencing Guidelines Grid merits a range of incarceration of 36 to 60 months or three to five years. The defendant was sentenced to 20 years at hard labor, the statutory maximum sentence.
Although the trial court made reference to the sentencing guidelines, it seemingly followed the pre-1992 guidelines. In determining the proper length of incarceration, the trial court took into account the deterrence value of the sentence, the possibility of the defendant’s reformation, and the need to exact retribution from the wrongdoer. The trial court further considered that the defendant had a prior arrest for attempted murder and the irreparable hardship on the victim.[3]
In State v. Smith, 610 So.2d 152, 155 (La. App. 4th Cir.1992), writ granted 619 So.2d 556 (La.1993), we held that:
[w]hile not strictly binding, the new guidelines now establish an additional standard by which the sentence may be reviewed for appropriateness. The legislature, in providing for the guidelines and adopting Articles 881.1-881.4, which establish a procedure for the reconsideration, appeal, review and remand of sentences, created a mechanism to introduce some uniformity into the sentencing process. It could have made the guidelines rigidly binding, but it did not. Instead, it chose to leave some discretion to the trial court to impose sentences on a ease by ease basis within the statutory limits but guided by the commission’s recommendations. It has vested the appellate courts with the authority and obligation to review those sentences for comparison with the guidelines and to determine whether the record supports a significant deviation therefrom.
It is an abuse of the trial court’s discretion to impose a sentence that grossly deviates from the guidelines when that deviation is not supported by the record. To hold otherwise would render the guidelines and Articles 881.1-881.4 meaningless.
In his reasons for judgment, the trial court commented that in certain circumstances “society recognizes the validity of exacting a ‘pound of flesh’ from the wrongdoer” and noted that neither the victim nor her family could take “revenge” upon the defendant. The court next declared that it was becoming “an arm of the victim of your crime and act[ing] in such a way that revenge is exacted.” Although these comments were based on the trial court’s sympathy for the victim and outrage at the harm done, they do not constitute proper reasons for departing from the guidelines.
*309 The significant permanent injury suffered by the victim at the hands of the defendant clearly supports an upward departure from the sentence recommended by the sentencing guidelines. Vengence, however, is an inappropriate basis for formulating a sentence.
In imposing the sentence, the trial court failed to comply with the Louisiana Sentencing Guidelines. The guidelines indicate a sentence of three to five years; the court imposed a twenty year sentence, a gross deviation from the guidelines. The trial court did not state for the record the aggravating and mitigating factors considered in determining the sentence and a sentence of twenty years is not supported by the record. State v. Smith, 610 So.2d at 156; State v. Gales, 622 So.2d 808 (La.App. 4th Cir.1993).
For the foregoing reasons, the defendant’s sentence is vacated and the ease is remanded to the trial court for resentencing.
SENTENCE VACATED; REMANDED FOR RESENTENCING.

. Judy P. Barthelemy is the victim's aunt.

. The sentencing guidelines promulgated by the Louisiana Sentencing Commission became effective on January 1, 1992.

. Consideration of a prior arrest is inappropriate because criminal history is taken into account when the grid cell is determined.