PER CURIAM.
Larry A. Matthews was charged by bill of information on October 29, 1990, with armed robbery, a violation of LSA-R.S. 14:64. At his arraignment on June 25,1991, he pleaded not guilty. The trial court found probable cause and denied the Motion to Suppress the Identification on October 2,1991. After trial on February 3, 1993, a twelve-member jury found him guilty as charged. He was sentenced on February 17, 1993, to serve fifty years at hard labor without benefit of parole, probation or suspension of sentence. The trial court denied a Motion to Reconsider the Sentence. He now appeals, arguing that the trial court erred in imposing a sentence excessive under both the guidelines and the Constitution and in failing to provide adequate reasons for the sentence.
Edward Garnett, Jr., the victim, testified that he was walking in the 1800 block of Fourth Street on August 25, 1989, about 3 P.M. when the appellant put a gun to his chest, demanded his radio and his medallion necklace, forced him to take off his shoes, and then ran down the street. Garnett, a juvenile, went home and told his mother of the incident. He recognized his assailant from seeing him previously in the neighborhood and was able to identify him later from a photographic line-up.
Rose Green, the victim’s mother, testified that when her son told her he had been robbed on August 25,1989, she went immediately to the appellant’s home to try to get his property back. Several days later the appellant’s mother came to her home and returned her son’s radio. Edward Garnett, the victim’s father, also testified; he stated that on Saturday, the day after the robbery, when he went to the appellant’s house, he found Larry Matthews asleep on the sofa. Garnett learned that his son’s medallion had been given to a girl. Garnett went to her house where he saw a young woman wearing his son’s medallion. He recognized the medallion because he saw the initials E.R.G. on it.
Helena Matthews, the appellant’s mother, testified that her son was living with her on August 25,1989. She said she was ill on that day, and he was at home taking care of his two younger sisters. Matthews stated that neither Rose Green nor Edward Garnett, Sr., ever came to her house and that she never took a radio to Rose Green’s house. Ger-main Matthews, the appellant’s sister, verified in her testimony the facts her mother stated.
The defense argues that the appellant’s sentence of fifty years is excessive under the Louisiana Sentencing Guidelines and the Constitution. The appellant’s criminal history makes him a Class B offender, and according to the guidelines if a Class B felon is convicted of armed robbery, his sentence should be between 300-270 months (25-22½ years).
*536 In State v. Smith, 610 So.2d 152 (La. App. 4th Cir.1992), writ granted 619 So.2d 556 (La.1993), this Court held that while a judge may go beyond the range set by the guidelines in sentencing a defendant, he must “justify such a departure by explaining why the case at hand is not typical.” The Court also declared:
He must determine whether the significant presence of aggravating or mitigating circumstances make[s] the present case more or less serious than the typical case arising under the offense. Louisiana Sentencing Guidelines § 209(B), (C). Smith at 154; as cited in State v. Gales, 622 So.2d 808, (La.App. 4th Cir.1993)
Thus the trial court is required to state reasons for departing from the sentencing range of the guidelines.
At the sentencing hearing in the case at bar, the trial court stated:
Besides Article 894.1, paragraph A, (1), (2), and (3), the Court takes into consideration that the jury found this robbery was perpetrated and the verdict of the jury was twelve, nothing. The Court also takes into consideration that the defendant placed a gun against the victim’s chest, stole a radio and snatched a pendant off the defendant’s neck, that the defendant is serving what is known as juvenile life for attempt [sic] first degree murder as well as the profile done on him as stated by the district attorney.[1]
Although the trial court refers to C.Cr.P. art 894.1, it is obvious that the pre-January 1992 sentencing guidelines are the basis for the sentence. Moreover, the trial court imposed a sentence greater than the designated sentence range provided in the guidelines without articulating any aggravating circumstances from the enumerated factors listed under § 209 B that justify a departure. Such factors include deliberate cruelty, use of threats, creating a risk of death to more than one person, significant permanent injury or significant economic loss to a victim, and other circumstances distinguishing this case from a typical case of the offense.[2] The reasons given for sentencing here are not adequate for a departure from the guidelines.
Because the procedures set out in the Felony Sentencing Guidelines were not followed by the trial court, we are required to vacate the appellant’s sentence and remand the case for resentencing in accordance with the guidelines. State v. Smith, supra; State v. Gales, supra.
Accordingly, the appellant’s conviction is affirmed, but his sentence is vacated and the case is remanded to the trial court for resen-tencing.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

. The assistant district attorney had stated at the beginning of the sentencing hearing: "All of the psychological that were done — when a juvenile is incarcerated, all the psychological reflect he has very poor impulse control.”

. While use of a dangerous weapon is on the list of aggravating factors in § 209 B, the appellant’s use of a gun cannot be used as an aggravating factor in sentencing because it is an essential element of armed robbery, the offense for which he was convicted.