IzCANNELLA, Judge.
Defendant, Mark Bonnet, appeals from is conviction of possession of marijuana, La. R.S. 40:966c[1]. We affirm the conviction, amend the sentence and affirm as amended.
The record reflects that on February 23, 1993, Mardi Gras day, Officers Billy Lewis and O.J. Orgeron of the Jefferson Parish Sheriffs Office were patrolling a certain area along the Metairie parade route. While working in plain clothes, the officers observed two individuals sitting in a station wagon which was parked in the parking lot of Lakeside Shopping Center about thirty to forty feet [ 3irom the parade route. The officers observed defendant and another male in the front seat, passing a hand-rolled cigarette back and forth, taking puffs in turn. Since this activity was consistent with the consumption of marijuana, the officers decided to approach the vehicle. As they approached the vehicle, they smelled the strong odor of marijuana from an open window. Based on the officers’ observations as well as the strong smell of marijuana coming from the car, the officers decided to investigate further.
Officer Lewis went to the passenger side where defendant was seated. Agent Orger-on approached Nathan Isabell, the individual seated on the driver’s side. As the occupants exited the vehicle, Agent Orgeron observed the driver throw a hand-rolled cigarette to the ground. Officer Orgeron retrieved the cigarette and performed a field test on the substance. The results of the field test proved positive for the presence of marijuana. As a result of a search, the officers found a package of marijuana in Isabell’s right front pocket.
At trial, after being accepted by stipulation as an expert in chemical and microscopic identification of controlled dangerous substances, Elmore Shepherd, III, testified that the evidence submitted to him in relation to this case tested positive for the presence of marijuana.
In contrast to the officers’ testimony, defendant testified that on Mardi Gras day he went to watch parades with his children. He went to the station wagon, about eight feet from the parade route, to get a beer and a pack of cigarettes. Defendant testified that he lit his Marlboro cigarette in his uncle’s car and then left. He acknowledged that Nathan Isabell was in the car and lit “something” also. However, defendant denied talking to Nathan Isabell at this time and denied smoking marijuana.
A judge trial was held on February 28, 1994, following which defendant was convicted, as charged. The trial judge thereafter sentenced defendant to six months without hard labor, but suspended the sentence. He placed defendant on | ^probation for one year, subject to special conditions. Defendant now appeals his conviction.
We first note that this conviction is not appealable because it involves a misdemeanor not triable by a jury. See: La. C.Cr.P. art. 779 and La.R.S. 40:966(D)(1). However, although we cannot exercise our *1142 appellate jurisdiction, we may review the case under our supervisory jurisdiction. See: La.C.Cr.P. art 912.1. Further, in the interest of judicial economy, we will treat the improperly filed appeal as an application for writ of review and rule on the merits of the application under the authority granted to us to do so in City of New Orleans v. Ballansaw, 475 So.2d 768 (La.1985) and State v. Fmychineaud, 620 So.2d 338 (La.App. 5th Cir.1993).
Defense filed a brief assigning errors patent. La.C.Cr.P. art. 920 provides: “the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review the “record” in a criminal ease includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Orgeron, 620 So.2d 312 (La.App. 5th Cir.1993).
After our review of the record, we note that the trial court failed to give the defendant credit for time spent in actual custody prior to the imposition of sentence as mandated by LSA-C.Cr.P. art. 880. Therefore, we order that the sentence, and the minute entry and the commitment reflecting the sentence, be ^amended to give defendant credit for time served in actual custody prior to the imposition of sentence.
We further note that the trial judge failed to inform defendant of the prescriptive period for post-conviction relief as mandated by La.C.Cr.P. art. 930.8C[2]. However, failure to inform defendant does not constitute grounds for reversing the sentence or remanding the case for resentencing. LAC.Cr.P. art. 921. Instead, we will instruct the trial judge to inform defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within 10 days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94) 643 So.2d 1289, State v. Procell, 626 So.2d 954 (La.App. 3rd Cir.1993); State v. McSweeney, 619 So.2d 861 (La.App. 3rd Cir.1993); State v. Sumlin, 605 So.2d 608 (La.App. 2nd Cir.1992).
As we find no reversible errors patent, the defendant’s conviction is affirmed. The sentence, minute entry and commitment are amended to give defendant credit for time served. The trial judge is ordered to notify defendant of the prescriptive period for post-conviction relief by written notice within ten days of rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. The sentence is otherwise affirmed.

CONVICTION AFFIRMED; SENTENCE AFFIRMED, AS AMENDED WITH ORDER.

. LSA-R.S. 40:966D set forth various penalties for possession of marijuana depending on whether it is a person’s first, second, third or subsequent offense. There is nothing in the records specifically stating that defendant was being tried and sentenced for possession of marijuana, first offense, which is a misdemeanor. However, the matter was apparently treated as a misdemeanor insofar as the mode of trial and the sentence imposed. See also the cover page for the February 28, 1994 transcript which indicates that this was a misdemeanor proceeding.

. Art. 930.8C provides that "[a]t the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief."