IüGOTHARD, Judge.
On May 16, 1985, the Jefferson Parish Grand Jury returned an indictment charging defendant, Richard Robinson, with possession with intent to distribute heroin, LSA-R.S. 40:966A. At the June 26, 1985 arraignment, defendant pled not guilty. On August 28, 1985, defendant filed a Motion to Suppress the Evidence, alleging that it was illegally obtained. After conducting a hearing on this motion on September 9 and 10, 1985, the trial court denied defendant’s Motion to Suppress. Defendant thereafter withdrew his former plea of not guilty and after being fully advised of his rights, pled guilty to attempted possession with intent to distribute heroin, LSA-R.S. 40:966A and 40:979. In accordance with the plea agreement, the trial court sentenced defendant to thirty years at hard labor with credit given for time served. The trial court ordered that the sentence run concurrently with the sentence imposed in case numbers 306-582(H) and 306-796(H) of the Orleans Parish Criminal District Court.
IsOn September 29, 1986, defendant filed an application for post-conviction relief in the 24th Judicial District Court alleging ineffective assistance of counsel. More specifically, defendant claimed that his retained attorney advised him that he would receive a ten year sentence if he pled guilty, when in fact, he received a thirty year sentence. On October 14, 1986, the trial court denied defendant’s application, stating in part as follows:
A review of the record, including “The Defendant’s Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty,” signed by the defendant and his attorney, as well as the transcript of the Boykinization shows that defendant was well aware that the Court intended to sentence him to thirty years at the time of his guilty plea, and that he agreed to the sentence rather than risk a life sentence if he went to trial on the charge of possession with intent to distribute heroin. Thus, this plea was knowingly and voluntarily entered by the defendant. The claim that he was misadvised as to the length of the sentence is without merit.
From the denial of his application for post-conviction relief, defendant sought review'in this court (Writ Number 86-KH-707). On December 8, 1986, this court denied defendant’s writ application, stating as follows:
A review of the transcript of the proceeding of September 10,1985, attached hereto, indicates beyond question (1) that Richard Robinson knew and was informed that the sentence would be 30 years and (2) that he freely and voluntarily entered a plea of guilty to attempted possession of heroin rather than risk a life sentence if he was convicted of possession with intent to distribute heroin.
On May 27, 1993, defendant filed a Motion to Vacate and Correct Illegal Sentence alleging that his sentence was illegally lenient because it was not imposed without benefit of probation, parole, or suspension of sentence as mandated by the LSA-R.S. 40:979B. On June 14, 1993, the trial court denied defendant’s motion, finding that the sentence was not illegally lenient. Defendant | thereafter sought review in this court (Writ Number 93-KH-684). This court, on April 12, 1994, granted defendant’s writ application and stated:
After reviewing the record, applicable statutes and jurisprudence, we find that relator’s sentence, which was not imposed without benefit of parole, probation or suspension of sentence as mandated by LSA-R.S. 40:979(B), is illegally lenient. We therefore vacate relator’s sentence and remand the matter to the district court for resentencing in accordance with State v. Desdunes, 579 So.2d 452 (La.1991) and State v. Husband, 593 So.2d 1257 (La.1992).
Pursuant to this court’s disposition, the trial court, on May 25, 1994, resentenced defendant to thirty years at hard labor without benefit of parole, probation or suspension of sentence, to run concurrently with the sentence imposed in case numbers 306-582 and 306-796 of the Orleans Parish Criminal *299 District Court. The trial court afforded defendant credit for time served. After imposition of sentence, defense counsel made an oral motion under LSA-C.Cr.P. art. 881.1 for reconsideration of sentence, which was denied by the trial court. Defendant thereafter brought this appeal in which his appointed counsel has filed a brief asserting that because a close examination of the record revealed an absence of appealable issues, a review for errors patent on the face of the record is requested. We have reviewed the record in its entirety, and have gleaned from it the following facts:

FACTS

At the suppression hearing on September 9 and 10,1985, Detective Anthony Christiana of the Gretna Police Department, testified that on March 19,1985, he effected an arrest of defendant for possession with intent to distribute heroin. He gave the following narrative of events leading to defendant’s arrest:
ROn March 18th, 1985, at approximately 3:10 p.m. in the afternoon, I received a telephone call from a reliable confidential informant who advised me that while in the area of the Fisher Housing Project in Algiers, he overheard a conversation between several black males about a black male subject that was staying at the Pinnacle Motel within the city limits of Gretna, which is located at 91 Westbank Expressway. A black male staying in Room 222, that was in possession of a large quantity of a controlled dangerous substance, believed to be heroin. The confidential informant advised me that the black male subject was not staying in the project at night because he as [sic] scared of the area, and he would be staying at the Pinnacle Motel overnight. Based on this information, I contacted my partners, Carl Contranchis, and at approximately 5:00 P.M. that evening we set up a surveillance of the area. Through the course of the afternoon we observed no activity around the room. At approximately 1:15, 1:30 A.M. while conducting the surveillance, I observed Mr. Robinson, who at the time was unidentified, exit Room 222, and stand out on the balcony area of the room. Mr. Robinson stayed in this position for a short period of time. So at this time, when Mr. Robinson was at the exterior of the room, I took advantage of the situation being that Mr. Robinson left the door to the room open. I proceeded from my surveillance point into the hotel area parking lot, and we proceeded upstairs to the second floor where Mr. Robinson’s room was located. Upon reaching the second level of the motel room area, I happened to walk past Mr. Robinson’s room, at which time I glanced in and on the table I observed numerous pieces of aluminum foil cut into approximately one inch by one inch squares. I also observed a white powdered substance visible on the table from the exterior of the room, along with several packets of aluminum foil with white powder on them. At this time I approached Mr. Robinson, identified myself as a police officer, and advised Mr. Robinson that he was under arrest. At this point, Mr. Robinson attempted to gain entry into the room, at which point I subdued Mr. Robinson and I used normal force to place him under arrest. At this point, I had notified my partner of the situation, at which time he came up. At this point, we asked Mister— we explained the situation to Mr. Robinson, upon which — the information which we had received, and at this time we asked if he would sign a consent to search form for the room. At this point, Mr. Robinson did sign a consent to search form. During the course of a systematic search, we located twenty-three bundles containing twenty-five packets of heroin. At this point, Mr. Robinson was transported to the Gret-na Police Complex, where he was again advised of his rights, via the right’s form, and all the necessary paper work was conducted. A preliminary field test was conducted by Detective Contranchis while still at the hotel in Room 222.
nTvrnwrmv —Í2r
La.C.Cr.P. art. 920 provides: “the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the *300 pleadings and proceedings and without inspection of the evidence.”[1]
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Orgeron,. 620 So.2d 312 (La.App. 5 Cir.1993).
In addition, where the defendant has entered a plea of guilty, the issue of whether the defendant was properly “Boykinized” should also be included in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983).
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one’s accusers. The Court then announced its unwillingness to presume waiver of these rights from a silent record. Boykin was adopted by the Louisiana Supreme Court, State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) and held to apply to all felony |7pleas of guilty subsequent to December 8, 1971. State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
In the present case, the transcript reveals that the trial judge informed defendant of his right to trial by jury; his right to confront his accusers and his privilege against self-incrimination. In addition, the trial judge informed defendant of the elements of the offense to which he was pleading guilty, of the possible penalties, and of the actual penalty which would be imposed upon acceptance of his guilty plea. Throughout the colloquy, defendant indicated that he understood his constitutional rights and the consequences of his guilty plea. A waiver of rights form signed by the defendant, his attorney, and the judge also indicates that defendant understood his constitutional rights and was voluntarily waiving those rights. Accordingly, the record indicates that defendant was properly “Boykinized.”
An error patent review reveals that at the time of resentencing, on May 25, 1994, the trial court did not inform defendant of the prescriptive period for post-conviction relief as is mandated by LSA-C.Cr.P. art. 930.8C.[2] However, failure to inform defendant does not constitute grounds for reversing the sentence or remanding the case for resentencing. LSA-C.Cr.P. art. 921. Rather, we hereby instruct the trial court to inform defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within 10 days of the rendition of this opinion and to file written proof that defendant received the notice in the record of these proceedings. See State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94) 643 So.2d 1289, and State v. Procell, 626 So.2d 954 (La.App. 3 Cir.1993).
Accordingly, we affirm defendant’s conviction and the sentence imposed. This case is hereby remanded to the trial court for further action consistent with this opinion.
AFFIRMED AND REMANDED

. Although the resentencing of defendant is the only matter before this court on appeal, an error patent review will be performed on the entire record.

. Art. 930.8C provides that "[a]t the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief.”