KLIEBERT, Chief Judge.
Defendant Joseph Harris appeals the revocation of his probation. There is no right of appeal from a probation revocation. LA-C.Cr.P. Article 912. However, in the interest of judicial economy, we will consider these consolidated appeals as applications for supervisory writs [1] and grant the writ of review but, for the reasons which follow, deny the relief sought.
Defendant was originally charged by separate bills of information with possession with intent to distribute cocaine in violation of LSA-R.S. 40:967 A and with possession with intent to distribute over 32 grams of cocaine in violation of LSA-R.S. 40:967 F. On May 14, 1992, defendant withdrew his previous pleas, entered a plea of guilty in each criminal action to the reduced charge of possession of cocaine in violation of LSA-R.S. 40:967, and waived sentencing delays. The trial court sentenced defendant to serve three years in parish prison on each offense, execution of which was suspended and defendant was placed on three years active probation. Concurrent service of those sentences was ordered. Among the general and special conditions of his probation, defendant was required to “[rjefrain from criminal conduct, specifically the violation of any State, Federal, Local or Municipal Law” and to “[rjefrain from owning or possessing firearms or other dangerous weapons.”
On September 2, 1992, defendant’s probation officer filed a Rule to Revoke Probation, executed under oath, alleging several grounds for the revocation of defendant’s probation, including criminal conduct and possession of firearms by defendant. After a hearing on the rule, the trial judge found that defendant had engaged in criminal conduct. He therefore revoked defendant’s probation and ordered execution of defendant’s original parish prison sentences, subject to credit for time already served.
Defendant urges us to set aside the revocation of his probation on two grounds. He first contends that revocation proceedings in this case were improperly instituted without an arrest warrant supported by an affidavit from defendant’s probation officer. Secondly, defendant argues that the evidence presented at the hearing on the *853 rule to revoke failed to establish that defendant engaged in criminal activity while on probation.
Probation revocation proceedings are initiated with either the issuance of a warrant for the arrest of the defendant for violation of any of the conditions of probation or the issuance of a summons to appear and answer a charge of violation or threatened violation. LA-C.Cr.P. Article 899 A. In either case, an affidavit executed under oath by a complainant must support the warrant or the summons. LAC.Cr.P. Articles 202, 209, 385. If a supporting affidavit is lacking, the warrant or summons is invalid and the revocation proceeding is improperly instituted. State v. Forest, supra.
In the present case, defendant’s probation officer instituted the revocation proceeding by filing a Rule to Revoke Probation alleging that defendant violated conditions of his probation. Defendant’s probation officer executed the rule under oath as evidenced by his affidavit supporting the rule. Attached to the rule was an order for defendant to appear and show cause why his probation should not be revoked. The Louisiana Supreme Court has held that such an order attached to a rule to revoke probation constitutes a summons to appear. State v. Broussard, 408 So.2d 909 (La.1981). Since the rule to revoke in this case was supported by the affidavit of defendant’s probation officer, the revocation proceeding against defendant was properly instituted with the issuance of the order directing defendant to appear and show cause why his probation should not be revoked. State v. Forest, supra. The absence from the record of a warrant for defendant’s arrest for violating conditions of his probation is immaterial and has no bearing on the validity of the revocation proceedings initiated by summons in this case. The first ground asserted by defendant in challenging his probation revocation thus has no merit.
Defendant next urges us to set aside the revocation of his probation because the testimony presented at the hearing on the rule to revoke did not establish that defendant violated a probationary condition by engaging in criminal activity. At a revocation hearing, the state may show a violation of the conditions of probation either by establishing a conviction or by proof of the actual commission of a crime, apart from conviction. State v. Dabney, 594 So.2d 581 (5th Cir.1992), writ denied, 599 So.2d 317 (La.1992).
In this case, the state’s proof of the defendant’s criminal activity consisted of the testimony of defendant’s probation officer, as corroborated by the testimony of a fellow probation officer, that defendant admitted to selling cocaine while on probation. Scott Rome, defendant’s probation officer, testified that defendant came to the probation office for processing on June 30, 1992. Defendant was wearing a paging beeper which activated and displayed a telephone number in the presence of Officer Rome and another probation officer, Richard Wiedenhaft. After defendant left the probation office to go to the Jefferson Parish Sheriff’s Office to register as a felony probationer, Officers Rome and Wiedenhaft called the telephone number displayed by the beeper and were told by the party responding to the call to tell defendant to make sure he brought the “Idaho potatoes.” Shortly thereafter, the sheriff’s office contacted Officer Rome and advised that defendant was being taken into custody on outstanding attachments for traffic violations. While walking from the probation office to central lock-up to investigate the situation, Officer Rome passed defendant’s parked automobile and saw a marijuana seed on the front seat and what appeared to be a gun barrel protruding from under the seat. At Officer Rome’s request, Officer Wiedenhaft drove to central lock-up to meet Officer Rome and the defendant, who had posted bond for his own release, and the three drove back to defendant’s parked car where they were joined by Gretna police officers and a drug-sniffing dog. With defendant’s consent, the automobile was searched. The gun protruding from beneath the seat was determined to be a toy weapon. The drug-sniffing dog located an approximate *854 $1500.00 sum of cash in the automobile. The dog alerted on the cash because of cocaine residue on the bills.
Officers Rome and Wiedenhaft confronted defendant with the large sum of cash and with the marijuana seed found on the front seat. Defendant admitted to the officers that he had been smoking marijuana earlier that day and further admitted that he had been selling cocaine. Officers Rome and Wiedenhaft each testified that defendant told them that the money found in the automobile was to be used to pay off defendant’s debt for cocaine provided to him to sell. This money, according to defendant, constituted the “Idaho potatoes” referred to when the probation officers called the telephone number displayed on defendant’s beeper.
Officers Rome and Wiedenhaft also testified that they found a 12 gauge shotgun during a consent search of defendant’s residence on July 29, 1992. When the officers arrived at the residence on that date, defendant’s girlfriend answered the door and advised that defendant was not present. Believing the defendant to be inside, the officers asked for and received the woman’s consent to enter the residence and verify the defendant’s absence. Upon entering defendant’s bedroom, the officers spotted the shotgun in plain view on the shelf of an open closet. The shotgun was a “combat-style” 12 gauge with a short barrel and a pistol grip. At the time of the search, defendant’s girlfriend denied ever seeing the shotgun previously.
Defendant and his mother, brother and girlfriend testified during the revocation hearing. Defendant denied ever admitting to Officers Rome and Wiedenhaft that he had sold cocaine while on probation. All of the defense witnesses explained the cash found in defendant’s automobile on June 30, 1992 as money which defendant obtained through a bank loan and by selling sound equipment from his automobile. This money was needed, according to defendant, to pay off the fines for his traffic violations. Each defense witness also denied that the shotgun found at defendant’s residence on July 29, 1992 belonged to defendant.
At the conclusion of the revocation hearing, the trial judge reviewed the testimony of the witnesses and stated his conclusion that defendant had engaged in criminal activity by selling narcotics while on probation. In particular, the trial judge referred to the series of events on June 30, 1992 which began with the beeper incident at the probation office and culminated with defendant admitting to selling narcotics after the large sum of cash was found in his car. The judge noted the lack of any evidence to substantiate defendant’s claim that he obtained a major portion of that cash by selling sound equipment from his vehicle. Based on the testimony regarding the July 29, 1992 search of defendant’s residence, however, the trial judge was not willing to attribute possession of the 12 gauge shotgun to defendant. He therefore rejected the state’s claim that defendant violated his probation by possessing a firearm. As a result of defendant’s criminal activity, the trial judge revoked probation and ordered execution of defendant’s original sentences.
In revoking defendant’s probation, the trial judge obviously chose to credit the testimony of Officers Rome and Wiedenhaft and to discredit the testimony of the defense witnesses. Assessment of witness credibility is a function of the fact-finder, in this case, the trial judge. State v. Falls, 508 So.2d 1021 (5th Cir.1987). We find no basis to disturb the trial judge’s witness credibility determinations in this case. Nor do we find that the trial judge abused his wide discretion in revoking defendant’s probation. LA-C.Cr.P. Article 900; State ex rel. Robertson v. Maggio, 341 So.2d 366 (La.1976).
Accordingly, we find no error in the revocation of defendant’s probation.
WRIT OF REVIEW GRANTED; RELIEF DENIED.

. State v. Forest, 571 So.2d 893 (5th Cir.1990), writ denied, 577 So.2d 13 (La.1991).