643 So.2d 1289 (1994)
STATE of Louisiana
v.
James F. KERSHAW.
No. 94-KA-141.
Court of Appeal of Louisiana, Fifth Circuit.
September 14, 1994.
Gregory Champagne, Hahnville, for plaintiff/appellee.
Robert A. Chaisson, Destrehan, for defendant/appellant.
Before GAUDIN, GOTHARD, JJ., and THOMAS F. DALEY, J. Pro Tem.
GOTHARD, Judge.
Defendant, James Kershaw, was charged by bill of information with possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967A(1). At the September 26, 1990, arraignment, defendant pled not guilty. The matter proceeded to trial before a twelve person jury on February 18, 1992. After considering the evidence presented, the jury unanimously found defendant guilty of possession with intent to distribute cocaine.
On May 4, 1992, the trial judge sentenced defendant to ten years at hard labor. On September 17, 1993, the trial judge granted defendant's motion for out-of-time appeal. Thereafter, on September 21, 1993, the trial judge appointed an attorney to represent defendant on appeal.
Defendant's appointed counsel has filed a brief in which he asserts that because a close examination of the record revealed an absence of appealable issues, a review for errors *1290 patent on the face of the record is requested.
We have reviewed the record in its entirety, and have gleaned from it the following facts. At trial, Detective Sergeant Ricky Oubre of the St. Charles Parish Sheriff's Office testified that on August 28, 1990, defendant's apparent supplier of cocaine was arrested. As a result of his arrest, the police seized numerous items, including his beeper.
During the next several days, Detective Oubre observed that one particular number kept appearing on the seized beeper. The supplier informed the police that the phone number was that of the defendant, James Kershaw. The supplier further told the police where Kershaw lived and exactly what he was capable of as far as weight in cocaine.
After the number appeared numerous times, Detective Oubre returned one of the calls. As a result of approximately four conversations between Oubre and defendant, arrangements were made to conduct a narcotics transaction. They were to meet at approximately 10:30 at Charter Food Store in St. Rose, at which time Oubre would sell defendant an ounce of cocaine for $1,000.00. Defendant would pay $500.00 at that time and would pay the remaining $500.00 later that night.
In anticipation of executing the deal, Detective Oubre obtained an ounce of previously-seized cocaine that was in the custody of the Sheriff's Office, and made arrangements with the street crimes task force to monitor his conversations with defendant and to effect the arrest when Detective Oubre gave the code word.
Dressed in plain clothes, Detective Oubre arrived at the scene at about 10:35 in the supplier's car. Defendant walked up to the car and immediately conducted the transaction. Defendant gave Oubre $500.00 and Oubre handed defendant the cocaine. Detective Oubre then gave the code word causing the task force to move in and effect defendant's arrest.
In connection with defendant's arrest, Detective George Breedy seized the cocaine, which was about the size of a golf ball, from defendant's left shirt pocket. Following defendant's arrest at the Charter Food Mart, the officers proceeded to defendant's residence and executed a search pursuant to a warrant. At defendant's residence, the officers seized a roll of plastic bags, inositol (a substance commonly used as a cutting agent for cocaine), a scale, and razor blades. At trial, Detective Oubre, after being qualified as an expert in the street sale, packaging and cutting of narcotics, particularly cocaine, testified that these items are consistent with distribution of cocaine.
Christine Woolf, a forensic scientist employed by the Louisiana State Police Crime Lab, testified at trial that she analyzed various pieces of evidence related to this case. After being accepted as an expert, she testified that she analyzed white power residue found in one glass vial, in one black plastic cup, and in one glass pipe and determined that the white power residue contained cocaine. She also analyzed a clear plastic bag which contained a white power substance. Ms. Woolf determined that the powder, which weighed 28.415 grams, contained cocaine.
After considering the evidence presented, the jury unanimously found defendant guilty of possession with intent to distribute cocaine.
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Orgeron, 620 So.2d 312 (La.App. 5th Cir.1993).
*1291 An error patent review reveals two errors regarding defendant's sentence. Neither of these errors requires reversal of defendant's conviction and sentence. LSA-C.Cr.P. art. 921. While the minute entry reflects that defendant was given credit for time served pursuant to LSA-C.Cr.P. art. 880, the transcript does not so reflect. Generally, where there is a discrepancy between the minute entry and transcript, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983). However, since art. 880 is mandatory in nature, defendant is entitled to credit for time served despite the fact that it is not specifically stated in the transcript. Accordingly, defendant's sentence is amended to award credit for time actually spent in custody, if any, prior to the imposition of his sentence.
An error patent review further reveals that at the time of sentencing, the trial judge did not inform defendant of the prescriptive period for post-conviction relief as is mandated by LSA-C.Cr.P. art. 930.8 C. Accordingly, the trial court is directed to inform defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. See State v. Procell, 626 So.2d 954 (La.App. 3rd Cir.1993); State v. McSweeney, 619 So.2d 861 (La.App. 3rd Cir.1993), State v. Sumlin, 605 So.2d 608 (La.App. 2nd Cir.1992).
We hereby affirm defendant's conviction and the sentence imposed as amended. This case is remanded to the trial court for further action consistent with this opinion.
AFFIRMED AS AMENDED; REMANDED.