650 So.2d 327 (1995)
STATE of Louisiana
v.
Eddie MANSON.
No. 94-KA-625.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1995.
*328 Bruce G. Whittaker, Staff Appellate Counsel, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant/appellant.
John M. Mamoulides, Dist. Atty. and Terry M. Boudreaux, Asst. Dist. Atty., 24th Judicial Dist., Parish of Jefferson, Gretna, for the State/appellee.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Eddie Manson, appeals from the revocation of his probation for conviction of distribution of cocaine, LSA-R.S. 40:967A. There is no right of appeal from the revocation of probation. However, in the interest of judicial economy, we will consider the matter as an application for supervisory writs. See: State v. Harris, 621 So.2d 851 (La.App. 5th Cir.1993). We affirm the conviction and probation revocation. We affirm the sentence, as amended.
The Jefferson Parish District Attorney filed a bill of information on October 6, 1992, charging defendant with distribution of cocaine, LSA-R.S. 40:967A. At the January 7, 1993 arraignment, defendant pled not guilty.
On March 11, 1993, the trial court conducted a hearing on defendant's motion to suppress identification. At the suppression hearing, Detective Wilbert Venison testified that on February 11, 1992, while working in an undercover capacity for the Kenner Police Department, he was informed by the reporting officer that a confidential informer was going to bring him to a location on Airline Highway to purchase crack cocaine. Once at that location, Detective Venison purchased crack cocaine from defendant. Several days after making the buy, Detective Glen Synigal of the Kenner Police Department showed Detective Venison a photographic line-up consisting of twelve photographs. Detective Venison positively identified defendant both in the photographic line-up and in court as the person from whom he purchased the cocaine.
After considering the testimony presented, the trial judge denied defendant's motion. Following this, defendant withdrew his former plea of not guilty and, after being advised of his rights, entered a plea of guilty to distribution of cocaine, LSA-R.S. 40:967A. *329 The trial judge sentenced defendant to five years at hard labor, suspended, with active probation for three years, subject to various special conditions.
One year later, Jill Ott of the Louisiana Department of Public Safety and Corrections filed a rule to show cause why probation should not be revoked or amended alleging that defendant violated the conditions of probation by failing to refrain from criminal conduct. Specifically, the rule alleged that on November 16, 1993, seven months after he pled guilty to the distribution charge, defendant pled guilty to possession of cocaine in case number 93-4406 of the Twenty-fourth Judicial District Court.
On May 25, 1994, after considering the testimony of Scott Arceneaux, a probation officer with the Department of Probation and Parole, the trial judge found that defendant violated a condition of his probation by failing to refrain from criminal conduct, namely, the conviction of possession of cocaine on November 16, 1993. Based on this finding, the trial judge revoked defendant's probation and ordered execution of the original sentence of five years at hard labor. The trial judge ordered that this sentence run consecutive to the sentence imposed in Jefferson Parish case number 93-4406. Defendant filed a Motion to Change Sentence which was denied by the trial judge. Defendant thereafter filed a Motion for Appeal which was granted by the trial judge.
Assigned as error are any and all errors patent on the face of the record. LSA-C.Cr.P. art. 920 establishes a criminal defendant's entitlement to error patent review on appeal. However, the Louisiana Code of Criminal Procedure does not specifically provide for a similar entitlement when a defendant applies for a supervisory writ. Nevertheless we have reviewed the record for patent error in the past and will do so here. See: State v. Forest, 571 So.2d 893 (La.App. 5th Cir.1990), writ denied, 577 So.2d 13 (La. 1991); State v. Davis, 562 So.2d 936 (La.App. 5th Cir.1990), writ denied, 568 So.2d 1060 (La.1990); State v. Morgan, 567 So.2d 677 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1132 (La.1991); State v. Spencer, 564 So.2d 795 (La.App. 5th Cir.1990), writ denied, 568 So.2d 1053 (La.1990); State v. Castille, 623 So.2d 1350 (La.App. 5th Cir.1993), and State v. Clark, 600 So.2d 785 (La.App. 5th Cir.1992).
La.C.Cr.P. art. 920 provides that: "the following matters and no others shall be considered on appeal, (1) an error designated in the assignments of error, and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See: State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Orgeron, 620 So.2d 312 (La.App. 5th Cir.1993).
In addition, where defendant has entered a plea of guilty, the issue of whether defendant was properly "Boykinized" is also included in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983).
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea, the privilege against self-incrimination, the right to a trial by jury and the right to confront one's accusers. The Supreme Court then announced its unwillingness to presume waiver of these rights from a silent record. Boykin was adopted by the Louisiana Supreme Court, State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) and held to apply to all felony pleas of guilty subsequent to December 8, 1971. State ex rel LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
In the present case, the transcript reveals that the trial judge informed defendant of his right to trial by a jury, his right to confront and cross-examine his accusers *330 and his privilege against self-incrimination. In addition, the trial judge informed defendant of the elements of the offense to which he was pleading guilty, the possible penalties and the actual penalty which would be imposed upon acceptance of his guilty plea. Throughout the colloquy, defendant indicated that he understood his constitutional rights and the consequences of his guilty plea. A waiver of rights form signed by defendant, his attorney and the trial judge also indicates that defendant understood his constitutional rights and was voluntarily waiving those rights. Accordingly, the record indicates that defendant was properly "Boykinized."
A review of the record however, reveals a sentencing discrepancy. The transcript indicates that defendant's five year sentence was to be served consecutively with the sentence in case number 93-4406, while the minute entry and commitment reflect that the sentences were to run concurrently. Generally, where there is a discrepancy between the minute entry and transcript, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983). In the present case, the trial judge stated in the transcript that he intended the sentences to run consecutively. Therefore, we order the minute entry and commitment to be amended to conform to the transcript.
In addition, neither the transcript nor the commitment from the May 25, 1994 sentencing indicates that defendant was given credit for time served. LSA-C.Cr.P. art. 880 provides that "the court, when it imposes sentence, shall give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." Since art. 880 is mandatory in nature, defendant is entitled to credit for time served in actual custody[1]. Therefore, we further order that the sentence, minute entry and commitment be amended to give defendant credit for time served in actual custody.
Accordingly, defendant's conviction and probation revocation are hereby affirmed. The sentence, minute entry and commitment are amended to order that the sentences in cases no. 93-4406 and 92-5538 be served consecutively and to give defendant credit for time served in actual custody.
CONVICTION AND PROBATION REVOCATION AFFIRMED; SENTENCE AFFIRMED, AS AMENDED.
NOTES
[1] Although defendant is entitled to credit for time served in actual custody, LSA-C.Cr.P. art. 901C(1) provides that in cases of revocation of probation based on the commission of another offense, "no credit shall be allowed for time spent on probation or for the time elapsed during suspension of the sentence."