IzCANNELLA, Judge.
Defendant, Robert Hale, appeals from the revocation of his probation for his conviction of possession of cocaine. There is no right of appeal from the revocation of probation. In the past, in the interest of judicial economy, this Court routinely exercised its supervisory jurisdiction and maintained such matters as applications for supervisory writs. See: State v. Harris, 621 So.2d 851 (La.App. 5th Cir.1993). However, in an En Banc Order dated December 9, 1994, this Court set forth the following, rule:
It has come to the attention of this Court that an increasing number of non-appealable matters are being incorrectly filed and lodged as appeals. In the past, this Court has customarily converted these appeals into the more appropriate procedural mechanism of writs under the guise of judicial economy. However, we have come to realize that this approach is inconsistent with our legislative scheme for the *120 appropriate exercise of our supervisory jurisdiction. Hence, we will no longer continue such practice.
It is hereby ordered that, as of January 1, 1995, all non-appealable matters filed as an appeal will bejsdismissed. Accordingly, all parties will be required to follow the procedural schemes set forth in our Louisiana Codes of Civil and Criminal Procedure.
Because this case and defendant’s brief were filed prior to January 1, 1995, we will consider the matter as an application for supervisory writs, rather than dismissing the appeal. After our review, we affirm and remand with an order relative to the prescriptive period for post-conviction relief.
The Jefferson Parish District Attorney filed a bill of information on July 5, 1990, charging defendant with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967 A. On October 16, 1990, defendant withdrew his former plea of not guilty and entered a plea of guilty to the reduced charge of possession of cocaine. Defendant was sentenced to five years at hard labor. The sentence was suspended and defendant was placed on two years active probation with special conditions.
On June 29, 1992, Stephanie R. Neal, an agent with the Jefferson Parish Office of Probation and Parole, filed a rule to revoke defendant’s probation, alleging violations of several of defendant’s probation conditions. A hearing on the rule was set for various times beginning in August 1993, but was finally held on May 13, 1994. At the conclusion of the hearing, the trial court revoked defendant’s probation for failure to pay fines and court costs and to complete the 100 hours of community service that were requirements of his probation. The trial court ordered execution of defendant’s original sentence of five years at hard labor, with credit for time served.
Defendant’s probation officer testified at the hearing that defendant had violated his probation by failing to report to her after October, 1991, chañging his place of residence without notifying her, failing to file any written reports with her, failing to pay the fines and court costs imposed by the court and failing to complete any of the community service hours to which the court had sentenced him.
|4In response, defendant testified that he had not paid the court-imposed fines and court costs because he had been, for the most part, unemployed during the two years that he was on probation. He lived with his girlfriend, who was supporting him financially. Defendant testified that he did not complete his community service hours because he had no means of getting to the designated work assignment in Hahnville, Louisiana. He admitted that he did not attempt to discuss the problems with the probation officer. The trial judge found that defendant violated his probation.
On appeal, defendant assigns any or all errors patent on the face of the record. Although the Louisiana Code of Criminal Procedure’ does not provide specifically for an error patent review when the defendant applies for a supervisory writ, we have done so in the past and will do so in this case. See State v. Manson, 94-625 (La.App. 5th Cir. 1/18/95), 650 So.2d 327 and cases cited therein.
La.C.Cr.P. art. 920 provides: “the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Orgeron, 620 So.2d 312 (La. App. 5 Cir.1993). In addition, where defen dant has entered a plea of guilty, the issue of whether he was properly “Boykinized” should also be included in an error patent *121 review. State v. Godejohn, 425 So.2d 750 (La.1983).
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) the United States Supreme Court emphasized three federal constitutional rights which are [5waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury and the right to confront one’s accusers. The court then announced its unwillingness to presume waiver of these rights from a silent record. It held that due process requires, and the record of the plea must show, that the defendant who enters a guilty plea is informed of these rights by the trial judge and knowingly and voluntarily waives them. Boykin v. Alabama, 395 U.S. at 240-42, 89 S.Ct. at 1711; State v. Galliano, 396 So.2d 1288, 1290 (La.1981); State v. Lewis, 601 So.2d 379, 380 (La.App. 5 Cir.1992).
The record in this case shows that defendant was fully apprised of his rights before entering his guilty plea and that he knowingly and voluntarily waived those rights. The transcript of defendant’s guilty plea shows that the trial judge informed him of his rights to trial by jury, to confront his accusers and his privilege against self-incrimination. The trial judge further explained that by pleading guilty he would waive these rights. Defendant indicated that he understood his constitutional rights and the consequences of waiving them. The record contains a waiver of rights form, signed by defendant, his attorney and the trial judge, indicating that defendant understood his constitutional rights and the ramifications of his guilty plea.
La.C.Cr.P. art. 930.8 provides that, except under certain limited circumstances, a defendant must file his application for post conviction relief within three years after his judgment of conviction. Section (C) of this article requires the trial judge to inform the defendant of the prescriptive period for post-con-vietion relief at the time of sentencing. In this case, neither the initial sentencing transcript nor the transcript of defendant’s probation revocation hearing show that the trial judge informed defendant of the prescriptive period for post-conviction relief.
Failure to inform defendant of the dictates of article 930.8 is not a ground to vacate a sentence. The appropriate remedy is for this court to remand the case ordering the trial court to inform defendant of the provisions of article 930.8 by sending written notice to defendant within ten days of the rendering of this opinion and to file written proof in thejerecord that defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
Accordingly, the conviction of defendant and the revocation of his probation are hereby affirmed. The case is remanded and the trial judge is ordered to notify defendant of the prescriptive period for post-conviction relief by written notice within ten days of rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. The defendant’s sentence is otherwise affirmed.
CONVICTION, PROBATION REVOCATION AND SENTENCE AFFIRMED. CASE REMANDED WITH ORDER.