I iWICKER, Judge.
Michael Wilson (Wilson) was charged by indictment with hit and run driving resulting in a fatality, a violation of La.R.S. 14:100(0(2). He withdrew his former plea of not guilty, and entered a plea of guilty as charged. Wilson was sentenced to three years at hard labor. He now appeals. We affirm.
Wilson assigns the following errors:
1. The trial court erred in imposing an excessive sentence.
2. The trial court failed to advise the defendant of the prescriptive period for post conviction relief.
3. The trial court failed to give the defendant credit for time served.
4. All errors patent.
The sentencing record indicates that while driving on the expressway Wilson’s vehicle struck Marylou Self-Smith, a pedestrian, killing her instantly. Wilson fled the scene but later confessed after his involvement was discovered through an investigation.
The defendant contends that his sentence of three years is constitutionally excessive, and that the trial court failed to consider mitigating factors as prescribed by La.Code Crim.Proe. art. 894.1. The sentencing guidelines in La.Code Crim.Proe. art. 894.1(C) require the court to state for the record considerations taken into account and the factual basis for imposing sentence.
Prior to sentencing the defendant, the trial judge held an extensive hearing during which |2the defense presented testimony, and family members of the victim made emotional victim impact statements. The judge also heard the testimony of Christine Schott, the probation officer who conducted the pre-sentence investigation.
Schott testified Wilson was a candidate for probation with some jail time. She stated Wilson was employed at the time and that he had a long term history of employment. Schott stated Wilson was a family man but did not know how many children he had. She had no indication he was not supporting his family. She further testified Wilson had a prior conviction for D.W.I.
Barbara Wilson, the defendant’s mother, testified the defendant has five children whom he supports. She also stated Wilson has been disturbed by the accident and remorseful.
Jacqueline Self, the victim’s mother, testified that since her daughter’s death, she has suffered great emotional distress for which she has sought psychological counseling. Self further testified that the victim left be *872 hind two children, ages five months and four years. The children have suffered due to their mother’s death.
Penny Weaver, the victim’s sister, testified that she was greatly distressed at having to view and identify her sister’s body at the morgue. She also expressed her grief for her sister’s young children, who would now be without a mother. Weaver stated that her sister’s death “tears the whole family apart.”
The trial judge gave the following reasons for sentencing:
I have received numerous letters in this case, some at variance with others. I’ve been presented with an extensive presen-tence report and ordinarily I would not divulge and never do as a matter of fact what was contained in the presentence report because that’s—well, ordinarily I don’t do it.
However, the probation officer indicated to you what was in that report so everyone knows what was in the report, at least some of the things that were in the report. I do not consider this an intent crime, nor apparently does the state because if it were considered an intent crime the man would be charged with something other than he’s charged with. He’s charged with hit-and-run, with a felony. He has pleaded guilty. It is, however, a very serious case because someone has been killed. That’s the overriding fact in this case. Someone was killed and I don’t think for a minute it was an intent crime. A crime that carries an outside sentence of five years.
At the hearing on the motion to reconsider sentence the trial judge further indicated he had given the sentencing careful thought. The defendant argues that the judge failed to comply with the requirements of Article 894.1, in that he failed to consider mitigating circumstances, |3such as his status as a husband and father, his job, and the fact that he had no prior felony convictions. From his statements, it is evident the judge considered all of the evidence at the sentencing hearing, including those mitigating factors. The judge properly stated these sentencing considerations as is required under 894.1(C).
The defendant further argues that incarceration in his ease does not serve any of the objectives of the justice system: deterrence, rehabilitation, and public protection. Subsection (A) of Article 894.1 provides:
When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.
The trial judge felt that, although the defendant did not intend for the accident to happen, his actions had caused a death, and a lesser sentence would deprecate the seriousness of the offense.
Although the trial court complied with the requirements of Article 894.1, it must still be considered whether the three-year sentence is constitutionally excessive. We have held:
The Louisiana Constitution in Article I, Section 20 prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit, may violate a defendant’s constitutional right against excessive punishment.
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is both more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The sentence will not be set aside absent a showing of manifest abuse of the trial court’s wide discretion to the sentence within statutory limits [citations omitted].
State v. Bradham, 94-71 (La.App. 5 Cir. 5/31/94), 638 So.2d 428, 430.
*873 The defendant’s three-year sentence is not constitutionally excessive. Although the act was not intentional, it resulted in the death of the victim. Considering the facts elicited at the sentencing hearing, the defendant has a prior D.W.I. conviction. The trial judge considered this Ufactor as well as other mitigating factors. The defendant’s sentence is well below the maximum of five years prescribed by statute. We find no abuse of discretion.
The defendant correctly notes that the trial court failed to advise him of the three-year prescriptive period for post conviction relief pursuant to La.Code Crim.Proc. art. 930.8(C). Accordingly, the trial court is instructed to inform Wilson of the provisions of article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Wilson received the notice in the record of these proceedings. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289,1291.
The defendant also correctly argues the trial court erred in failing to give defendant credit for time served. Although the commitment and minute entry in this case show that Wilson was given credit for time served, the transcript does not show that the court granted said credit, as is required under La.Code Crim.Proc. art. 880. Generally, where there is a discrepancy between the minute entry and the transcript, the transcript will prevail. State v. Lynch, 441 So.2d 732 (La.1983). This error does not require reversal. Instead, we amend Wilson’s sentence to reflect that he is given credit for time served. Kershaw, supra.
For the foregoing reasons, the sentence is amended to give credit for time served. In all other respects, the defendant’s conviction and sentence are affirmed. This case is remanded to the trial court for further action consistent with this opinion.
CONVICTION AFFIRMED, SENTENCE AMENDED, REMANDED.