JiDUFRESNE, Judge.

STATEMENT OF THE CASE

The Jefferson Parish District Attorney filed a three count bill of information charging the defendant, Paul J. McQuaig, with one count of aggravated oral sexual battery in violation of LSA-R.S. 14:43.4 (Count 1), one count of molestation of a juvenile in violation of LSA-R.S. 14:81.2 (Count 2), and one count of sexual battery in violation of LSA-R.S. 14:43.1 (Count 3). At the May 23, 1996 arraignment, the defendant pled not guilty. The defendant went to trial on November 4 and 5, 1997, and on November 5, 1997, a six-person jury found the defendant guilty of LSA-R.S. 14:43.3 oral sexual battery (Count 1), LSA-R.S. 14:81.2 molestation of a juvenile (Count 2), and LSA-R.S. 14:43.1 sexual battery (Count 3).
On November 21, 1997, the trial judge denied defendant’s motion for a new trial. Also on that date the trial judge sentenced the defendant to twelve (12) years imprisonment at hard labor without benefit of probation, parole or suspension of sentence on Count 1; twelve (12) years on Count 2, to ran concurrently with Count 1; and ten (10) years on Count 3, without Rbenefit of probation, parole, or suspension of sentence, to run concurrently with Counts 1 and 2. Defendant was given credit for time served.
The defendant has appealed and assigns two errors for our review.

*537
ASSIGNMENT OF ERROR NO. 1

Although the defendant did not file a motion to reconsider his sentence, out of an abundance of caution we will consider the merits of this assignment.
Here the defendant could have been exposed up to thirty-five years at hard labor and a fine of $5,000 on the three counts he was convicted of.
Considering the possible exposure, the ages of the victims and the defendant’s lack of remorse, his sentence is not excessive.
This assignment has no merit.

ASSIGNMENT OF ERROR NO. 2

The trial court erred in failing to abide by the mandatory delay between denial of the motion for new trial and imposition of the sentence.

DISCUSSION

The defendant argues that the trial court erred by sentencing the defendant immediately upon denying his motion for a new trial, without waiver by the defendant of the statutory delay. Prior to sentencing the defendant filed a written motion for new trial. On November 21,1997, the trial court denied the defendant’s new trial motion. Immediately after the denial he asked the defendant if he was ready for sentencing, to which defense counsel replied ‘Tes, Your Honor.” The defendant then made a complaint which the trial court interpreted as another motion for new trial, which the trial court denied. Immediately following this second denial, the trial court sentenced the defendant. This court addressed this issue in I3State v. Forrest, 95-31 (La.App. 5 Cir. 2/14/96), 670 So.2d 1263, writ denied, 96-0654 (La.6/28/96), 675 So.2d 1117 holding that an error in sentencing a defendant without a 24 hour delay was harmless where the defendant neither complained of the sentence or claimed to have been prejudiced by the mistake.
Although here the defendant complains of his sentence on appeal, he did not object at the trial level either orally or by filing a motion for reconsideration, and indicated to the trial court that he was ready for sentencing. Further, the defendant fails to assert how he was prejudiced by the delay. Accordingly, we find the error harmless. This assignment lacks merit.

ERROR PATENT:

The record was reviewed for errors patent, according to Louisiana Code of Criminal Procedure article 920 and State v. Oliveaux, 312 So.2d 337 (La.1975).
We note that the defendant was not advised of the three year time limit for filing an Application for Post Conviction Relief as required by Code of Criminal Procedure article 930.8. For this reason we remand this matter back to the trial court to send written notice to the defendant within ten days of the rendering of this Court’s opinion and to file written proof in the record that the defendant received such notice. See State v. Ker-shaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
The conviction and sentence are affirmed and this matter is remanded to the trial court to comply with article 930.8 as stated above.

CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.