I GRISBAUM, J.
The defendant-appellant, Cleophus Anderson, appeals his conviction and sentence for possession of cocaine. La. R.S. 40:967(C). We affirm the defendant-appellant’s conviction and sentence and remand with instructions.

ASSIGNMENT OF ERROR

The defendant-appellant assigns as error the following, to-wit: “The trial court erred in denying the motion to suppress the evidence.” Defendant-appellant’s original brief at p. 3.

FACTS AND PROCEDURAL HISTORY

On May 19, 1998, the defendant pled guilty to possession of cocaine. Prior to his guilty plea, the defendant filed a motion to suppress confession, identification, and physical evidence. The trial court denied this motion. He reserved his right to appeal under State v. Crosby, 338 So.2d 584 (La.1976). He | ¿was sentenced to two years in the Department of Corrections with a suspended sentence. He was placed on active probation for two years and ordered to pay a fine and court costs. Defendant appeals the trial court’s denial of his motion to suppress evidence.
On February 4, 1998, at approximately 2:00 a.m., Officer T. Carman of the Gretna Police Department observed a vehicle stopped at a green light located at the intersection of Lafayette and U.S. 90B. There were two individuals, who appeared *607 to be having an argument, in the vehicle. Officer Carman turned on his overhead lights and pulled up behind the stopped vehicle. He approached the vehicle and conducted an interview with the defendant, who was driving, and the passenger. Officer Carman ran a check on the defendant and the passenger, and found both were the subjects of outstanding arrests. He then arrested both and conducted a pat-down search. During the pat-down, Officer Carman discovered a hypodermic needle and a metal spoon hidden in the passenger’s groin. A drug dog was called to the scene. The drug dog alerted the Officer to the presence of drugs in the vehicle, so he conducted a search of the vehicle. During the search, Officer Carman found marijuana, crack cocaine, and one tablet of Zanax. As a result of this stop, the defendant was charged with possession of cocaine.

ASSIGNMENT OF ERROR ONE-LAW AND ANALYSIS

The defendant-appellant contends the trial court erred in denying his motion to suppress because the arresting officer did not have reasonable suspicion to stop him and the warrantless search of his car was illegal.
La.Code Crim. P. art. 215.1(A) provides, “a law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.” Jurisprudence provides that an ^officer may temporarily detain a person, if the officer has a reasonable suspicion that the person is committing, has committed, or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Sims, 426 So.2d 148 (La. 1983). Reasonable suspicion is something less than probable cause and must be determined under the facts of each case. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Rosales, 537 So.2d 850 (La.App. 5th Cir.1989).
We find that Officer Carman had a reasonable suspicion to detain Anderson. Anderson was stopped in his vehicle at a green light, obstructing traffic on a road, and failing to comply with a traffic control device, violations of La. R.S. 14:97, 32:56(B), and 32:231. Moreover, the defendant-appellant was creating a hazardous situation. Louisiana jurisprudence provides that a stop premised on several facts, including sitting through a green light, constitutes probable cause for stopping a vehicle. State v. Wesley, 28,012 (La.App.2d Cir.4/3/96), 671 So.2d 1257, writ denied, 96-1127 (La.10/4/96), 679 So.2d 1379. Thus, Officer Carman’s stop of the defendant-appellant was legal. Officer Carman’s arrest of Anderson was also proper because it was pursuant to an outstanding arrest warrant.
The next question is whether the warrantless search of defendant-appellant’s vehicle was legal. Warrantless searches and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The State bears the burden of proving an exception applies. State v. Tatum, 466 So.2d 29 (La.1985). A trial court’s determination as to whether evidence was seized in violation of the Fourth Amendment is entitled to great weight on appeal. State v. Ellis, 94-599 (La.App. 5th Cir.5/30/95), 657 So.2d 341, writs denied, 95-2095 (La.12/8/95), 664 So.2d 421 and 95-1639 (La.1/5/96), 666 So.2d 300.
A dog’s sniff test of the exterior of a vehicle does not constitute a search. State v. Kalie, 96-2650 (La.9/19/97), 699 So.2d 879. Here, during a pat-down, the officer found drug paraphernalia on the passenger and the drug dog alerted the officer that drugs were in the car. This provided Officer Carman with probable cause to search the vehicle without a warrant under the exigent circumstances exception. The exigent circumstances exception allows a warrantless search due to the impracticability of obtaining a warrant be *608 cause of the possibility of the car being moved either by its occupants, if not arrested, or someone else. State v. Zapata, 97-1230 (La.App. 5th Cir.5/27/98), 713 So.2d 1152, writ denied, 98-1766 (La.11/06/98), 727 So.2d 443. Accordingly, we find the search of defendant-appellant’s vehicle was permissible. This assignment of error lacks merit.

ERRORS PATENT

After a review of the record for errors patent, we find the following: The trial court is instructed, within ten days of the rendering of this Court’s opinion, to send written notice to the defendant-appellant that he has three years after his judgment of conviction and sentence become final vidthin which to file for post-conviction relief. La.Code Crim. P. art. 930.8; State v. Kershaw, 94-141 (La.App. 5th Cir.9/14/94), 643 So.2d 1289.
For the reasons assigned, we affirm the defendant-appellant’s conviction and sentence and remand with instructions.

CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.