| .GOTHARD, Judge.
Defendant, Alvin Edgerson, was convicted of simple robbery in violation of La. R.S. 14:65, and he was sentenced to seven years at hard labor. Pursuant to a multiple offender bill of information filed by the State, the defendant stipulated to being a second felony offender. The trial court vacated the defendant’s original sentence, and re-sentenced the defendant to seven years at hard labor, without benefit of probation or suspension of sentence. The defendant filed a timely appeal.
The following facts were developed from trial testimony. Ms. Sherrie Bourg testified that she worked as a manager at the Payless shoe store in Kenner. Ms. Bourg told the jury that at approximately 4:00 p.m. on December 18, 1996, she was working in the front of the store when she saw the defendant enter. The ^defendant picked up a pair of shoelaces asking, “How much are these?” Ms. Bourg told the defendant that the shoelaces were ninety-nine cents, the defendant placed the shoelaces on the counter, and Ms. Bourg walked around the counter to the register. Ms. Bourg told the jury that she rang up the sale, for which the defendant paid cash, and gave the defendant the shoelaces and a cash receipt. Ms. Bourg testified that when she was placing the payment in the cash register, the defendant reached over the counter and stuck both hands in the drawer to try and “grab some money.” Ms. Bourg slammed the register drawer on the defendant’s hands, and attempted to hold them there, while she was yelling for her employee to call the police. Defendant continued to try to pull money out of the drawer. Ms. Bourg testified that after a couple of minutes, the defendant was able to extricate his hands. The defendant *949 grabbed some money and started running out of the store. Ms. Bourg followed the defendant, screaming for help. Ms. Bourg chased the defendant across the street, and into an empty lot.
Danny Wedge told the jury that at approximately 4:25 p.m. on December 18, 1996, he was working in an office building across from the Payless shoe store, when he heard a woman outside screaming, “Stop him!” Mr. Wedge looked outside and saw the woman pursuing the defendant. Mr. Wedge ran down the stairs and chased the defendant. Mr. Wedge testified that he and another man were able to catch the defendant, and then restrain him until the police arrived. Mr. Wedge testified that the defendant continued to struggle after capture.
Officer Patrick Flynn of the Kenner Police Department testified that, on December 18, 1996, he was called out to a possible robbery at the Payless shoe store. When Officer Flynn arrived at the scene he was contacted on his radio by |4Officer Louis Stewart of the Kenner Police Department, who informed Officer Flynn that he was in the empty field along with the defendant and the manager of the store. Officer Stewart placed the defendant under arrest, and Officer Flynn searched the defendant, finding cash bills, a pair of black shoelaces, and a cash receipt.
Mr. Wedge and Ms. Bourg both made in-court identifications of the defendant.
In the present case, appellate counsel has filed a brief following the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990) and adopted by this court in State v. Bradford, 95-929, 95-930 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.
In State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, the Supreme Court revisited the procedures outlined in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990), and stated that “the brief filed by counsel must review not only the procedural history of the case and the evidence presented at trial but must also provide ... a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” See also, State v. Mouton, 95-0981 (La.1995), 653 So.2d 1176. Appellant counsel has complied with this mandate.
This court has conducted a review of the record for errors patent. La.C.Cr.P. art. 920. In that review we note that the trial court failed to inform the defendant of the three year prescriptive period for the filing of an application for post conviction relief. La.C.Cr.P. article 930.8.
|fiFor the forgoing reasons, we affirm the defendant’s conviction and sentence. We remand the matter to the trial court with an order to the court to send written notice of the prescriptive period in La C.Cr.P. article 930.8 to defendant within ten days of the rendering of this opinion, and to file written proof in the record that defendant received such notice. See, State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
AFFIRMED WITH ORDER.