LMcMANUS, Judge.
The Defendant appeals the revocation of his probation. Because this is properly reviewed under this Court’s supervisory jurisdiction, the appeal is dismissed.
STATEMENT OF THE CASE
On April 3, 1998, the Jefferson Parish District Attorney’s Office filed a bill of information charging the Defendant, Jer-mal “Jermel” Anderson, with conspiracy to commit armed robbery, a violation of LSA-R.S. 14:26:64. After the trial court advised him of his constitutional rights, Defendant pled guilty to the charge on July 16, 1998. Defendant was sentenced to imprisonment at hard labor for a term of seven years. The trial court suspended the sentence and placed Defendant on five years active probation.
Thereafter, on January 14, 2000, the Louisiana Department of Public Safety and Corrections, Probation and Parole Division, filed a Rule to Show Cause Why Probation Should Not Be Revoked or Amended, citing two probation violations by Mr. Anderson. Specifically, the rule alleged that Mr. Anderson had violated his probation in not reporting to the Probation Office for processing. The rule also alleged that Defendant had violated terms of Home Incarceration, in that he left his home without permission or authority and that he “failed to complete |3the conditions of attending Project Return.”
On April 5, 2000, following a hearing on the rule to revoke, the court revoked the Defendant’s probation, finding that Defendant knowingly violated the conditions of *1290 his home incarceration. The Defendant’s sentence was made executory. It is this revocation which the Defendant raises on appeal.
The Defendant appeals the revocation of his probation. However, there is no right of appeal from the revocation of his probation; it is properly reviewed under this Court’s supervisory jurisdiction. LSA-C.Cr.P. art. 912; State v. Mashia, 99-722 (La.App. 5 Cir. 11/10/99), 748 So.2d 1183, 1184; State v. Davis, 97-850 (La.App. 5 Cir. 2/11/98), 708 So.2d 1121, 1122; State v. Rexford, 95-152 (La.App. 5 Cir. 6/28/95), 658 So.2d 27, 28.
In the past, in the interest of judicial economy, this Court routinely exercised its supervisory jurisdiction and maintained such matters as applications for supervisory writs. See, State v. Harris, 621 So.2d 851 (La.App. 5 Cir.1993). However, in an En Banc Order dated December 9, 1994, this Court set forth the following rule:
It has come to the attention of this Court that an increasing number of non-appealable matters are being incorrectly filed and lodged as appeals. In the past, this Court has customarily converted these appeals into the more appropriate procedural mechanism of writs under the guise of judicial economy. However, we have come to realize that this approach is inconsistent with our legislative scheme for the appropriate exercise of our supervisory jurisdiction. Hence, we will no longer continue such practice.
It is hereby ordered that, as of January 1, 1995, all non-appealable matters filed as an appeal will be dismissed. Accordingly, all parties will be required to follow the procedural schemes set forth in our Louisiana Codes of Civil and Criminal Procedure.
See, State v. Hale, 94-896 (La.App. 5 Cir. 3/1/95), 652 So.2d 118, 120. Accordingly, we dismiss the instant case and instruct the parties to follow the “procedural schemes set forth” in the Louisiana Code of Criminal Procedure. | ¿Dismissal of the appeal will not prevent Defendant from obtaining review of the challenged revocation. In State v. Suthon, 99-661 (La.App. 5 Cir. 10/29/99), 746 So.2d 240, 242, the Defendant had improperly filed a non-ap-pealable matter as an appeal. This Court reserved the right of the Defendant to file her application for writ of review within thirty days of the date of the opinion which dismissed her appeal.
CONCLUSION
For the foregoing reasons, this appeal is hereby dismissed. The Defendant shall have thirty days in which to pursue his assignments of error by means of an application for writ of review.
APPEAL DISMISSED.