NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA06-1320

STATE OF LOUISIANA

VERSUS

PHILLIP J. HERNANDEZ

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 00-203087
HONORABLE GERARD B. WATTIGNY

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of J. David Painter, Marc T. Amy, and Oswald A. Decuir, Judges.

APPEAL DISMISSED. APPELLATE COUNSEL'S MOTION TO WITHDRAW IS GRANTED. DEFENDANT-APPELLANT'S REQUEST TO FILE AN APPLICATION FOR SUPERVISORY WRITS IS DENIED.

Hon. J. Phillip Haney
District Attorney
415 S. Main St. 200 Courthouse
St. Martinville, LA 70582
(337) 369-4420
COUNSEL FOR APPELLEE:
        State of Louisiana

Carey J. Ellis, III
Louisiana Appellate Project
P.O. Box 719
Rayville, LA 71269
(318) 728-2043
COUNSEL FOR APPELLANT:
        Phillip J. Hernandez

**Painter, Judge.**

On November 30, 2000, Defendant, Phillip J. Hernandez, pled guilty to the charge of simple burglary. In accordance with a plea agreement, the court sentenced him to six years in the parish jail, but suspended the sentence and placed him placed him on five years of active supervised probation. On May 25, 2004, the court revoked Defendant's probation, based upon his failure to pay fees and fines, and for leaving the jurisdiction without permission. Subsequently, Defendant filed a "MOTION TO VACATE AND CORRECT ILLEGAL SENTENCE," on December 29, 2005. Defense counsel acknowledges that said motion addressed only the probation revocation. In January of 2006, the trial court denied the motion. In May, Defendant filed a "NOTICE OF INTENT TO APPEAL" the January ruling, and the trial court granted him an appeal on May 22, 2006. On June 13, 2006, the court appointed the Louisiana Appellate Project (LAP) to represent Defendant.

Upon receiving the record, this court issued a rule to show cause why the appeal in the above-captioned case should not be dismissed as a non-appealable judgment, on October 16, 2006. On November 9, 2006, this court received a "MOTION TO WITHDRAW" from defense counsel. Counsel acknowledges that, since the judgment at issue is a probation revocation, it is non-appealable pursuant to La.Code Crim.P. art. 912.1. *See also State v. Johnson*, 06-942 (La.App. 3 Cir. 9/13/06), 938 So.2d 804 and *State v. Anderson*, 00-1181 (La.App. 5 Cir. 12/27/00), 776 So.2d 1289. Further, he seeks to withdraw, stating that the LAP's contracts with local indigent defenders' boards do not include services other than felony appeals. *See also* La.R.S. 15:150.[1] Counsel also requests that Defendant be permitted to file

---

[1]La.R.S. 15:150 is the enabling provision that allows local indigent defender boards to contract out some services, i.e., appellate work, juvenile defense, and death-penalty defense.

an application for supervisory writs within thirty days of the court's decision on the current matter.

The judgment herein is not appealable pursuant to La.Code Crim.P. art. 912.1. Therefore, the appeal in the above-captioned case is hereby dismissed, and appellate counsel's motion to withdraw is granted.

Counsel's request to allow Defendant-Appellant to file an application for supervisory writs is denied. On September 20, 2006, in an unpublished writ bearing docket number 06-871, this court held that an application for review of Defendant-Appellant's probation revocation was untimely pursuant to Uniform Rules—Courts of Appeal Rule 4-3, La.Code Crim.P. art. 930.8, and *State ex rel. Clavelle v. State*, 02-1244 (La. App. 3 Cir. 12/12/03), 861 So.2d 186.

**APPEAL DISMISSED. APPELLATE COUNSEL'S MOTION TO WITHDRAW IS GRANTED. DEFENDANT-APPELLANT'S REQUEST TO FILE AN APPLICATION FOR SUPERVISORY WRITS IS DENIED.**